303 A.2d 370.

BARBARA McBRIDE BERBERIAN *vs.* ARAM K. BERBERIAN.

APRIL 17, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a divorce proceeding. It has been heard in the Family Court at various times on a variety of motions, has twice been before this court and, insofar as we are advised, has not yet been heard on the merits. It is now here on the husband's petition for certiorari in which he seeks review of a Family Court decree of December 3, 1970, directing him to pay a fee of $500 to his wife's attorney.

The husband challenges the award on three grounds. His first claim is that his wife's ownership of securities worth about $1,000 precludes her claim for counsel fees under G. L. 1956 (1969 Reenactment) §15-5-16 which permits such an award only if "she has no property of her own available for such purpose."

The husband's claim must be considered within a factual context which indicates that the securities which he claims to be available to his wife—although concededly hers—are in his possession; that he holds a "power of attorney to deal with them"; and that he would be "* * * very pleased to release it a little bit at a time for her lawyer, providing it's reasonable." Moreover, he advised us in oral argument that he is to be the judge of what is "reasonable," and will not otherwise release the securities unless "forced" to do so.

To say that in these circumstances the wife has "property of her own available" within the contemplation of §15-5-16 would be to impute to the Legislature an intention to enact a patent absurdity and would produce an unreasonable result. This we will not do. *Wilkinson* v. *Harrington,* 104 R. I. 224, 239, 243 A.2d 745, 753 (1968); *Town*

*of Scituate* v. *O'Rourke,* 103 R. I. 499, 512-13, 239 A.2d 176, 184 (1968); *Deignan* v. *Cowan Plastic Products Corp.,* 99 R. I. 193, 197, 206 A.2d 534, 536 (1965); *Genereux* v. *Pelosi,* 96 R. I. 452, 458, 192 A.2d 630, 633 (1963). The wife's record ownership of these particular securities is therefore not disentitling to her claim for counsel fees.

Next the husband argues that the Family Court lacked jurisdiction to "* * * award a petitioning wife legal counsel fees without some evidence of a quantum of legal services rendered and the reasonable value thereof." This contention ignores the settled rule which permitted the trial justice, whose personal knowledge of and familiarity with the character and extent of these proceedings is apparent from the record and is unchallenged by the husband, to make a reasonable appraisal of the value of the services rendered by the wife's counsel solely on the basis of his own experience and observation. *Gartner* v. *Gartner,* 79 R. I. 399, 408, 89 A.2d 368, 373-74 (1952).

Finally, the husband argues that "[a] wife cannot be awarded counsel fees for legal services rendered on her behalf in the past." This contention is, of course, completely inconsistent with the husband's prior argument that any award of fees should be based upon expert opinion of the amount and reasonable value of services *previously rendered.*

Apart from its inconsistency, however, the argument is manifestly frivolous. It has long been the practice in this state for courts exercising jurisdiction in divorce to award counsel fees for services rendered in the past. That practice, although not directly passed upon, has nonetheless been implicitly approved in *Toy* v. *Toy,* 108 R. I. 484, 276 A.2d 754 (1971); *Smith* v. *Smith,* 88 R. I. 17, 143 A.2d 309 (1958); *Gartner* v. *Gartner, supra.*

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the

case are ordered returned to the Family Court with our decision endorsed thereon.

Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Leo M. Cooney, Bernard F. McSally,* for plaintiff-respondent.

*Aram K. Berberian,* pro se, for defendant-petitioner.