GEORGE, INC.

v.

John H. NORBERG, Tax Administrator.

No. 79–425–M.P.

Supreme Court of Rhode Island.

April 29, 1982.

Gorham & Gorham, John Gorham, Edmund L. Alves, Jr., Providence, for petitioner.

Dennis J. Roberts, II, Atty. Gen., Perry Shatkin, Charles Goldkamp, Div. of Taxation, Providence, for respondent.

## OPINION

SHEA, Justice.

We granted certiorari in this case to consider the validity of additional corporate income taxes assessed against the taxpayer, George, Inc. (George). The District Court sustained the tax administrator's decision that required George to pay an additional $2,649.97 plus interest in state income taxes for 1976. We sustain George's petition and quash the judgment below.

George was a Delaware corporation with its principal place of business in Rhode Island.[1] It was a wholly owned subsidiary of a Rhode Island corporation established as a personal holding company for the benefit of its sole stockholder, a Rhode Island resident. George's sole asset consisted of securities held in Canadian corporations.

1. George, Inc., has since been liquidated.

For the taxable year 1976 George received income from its Canadian holdings and paid a tax of $36,573.25 to the Canadian government. On its United States income tax return George took a credit for foreign taxes paid and reduced its federal corporate tax liability by the full amount of those taxes. The Internal Revenue Code permits a taxpayer either to deduct foreign income taxes from gross income (in the case of a corporation) or to take them as a credit against tax liability. 26 U.S.C.A. § 164(a)(3) (1978), § 901(a) (1967).

In computing its 1976 Rhode Island business corporation income tax, George deducted the Canadian taxes from its gross income. In so doing George relied on the provisions of G.L.1956 (1980 Reenactment) § 44–11–11(a)(3). That section permits a corporate taxpayer to reduce its gross income as reported on its federal return by "all items deductible under the federal corporation income tax law applicable to the taxable year * * *." It thus computed its Rhode Island income tax liability to be $14,-924.11.

The tax administrator determined that the foreign taxes were not deductible on George's state return. He assessed a further tax of $2,649.97 plus interest against George. George paid the additional tax and filed for a refund pursuant to § 44–11–20. An administrative-hearing officer upheld the assessment and the District Court sustained the decision upon George's appeal under § 44–11–35. We granted certiorari pursuant to G.L.1956 (1977 Reenactment) § 42–35–16.

The sole issue concerns the proper meaning of the word "deductible" contained in § 44–11–11(a)(3). The tax administrator ruled, and the District Court agreed, that George could not deduct the foreign taxes on its state return because it had not elected to deduct these taxes on its federal return. Because George had elected to take a credit against its federal tax liability, the tax administrator ruled that the item was no longer deductible.[2]

The interpretation given to § 44–11–11(a)(3) by both the tax administrator and the District Court would require that the item actually be deducted on the federal return before a taxpayer could also deduct the item on his state return. George argues that the validity of the deduction for state tax purposes should not be dependent upon whether the item was actually deducted on its federal return. It contends that "deductible" clearly means "capable of being deducted," rather than "taken as a deduction." Webster's Third New International Dictionary 589 (1967); *see also* Black's Law Dictionary 372 (5th ed. 1979). When a federal return is being prepared, federal law allows the deduction of foreign taxes. Moreover, George argues, the filing of the return, despite the election of the credit, does not make the foreign taxes any less capable of being deducted. Actually, they remain deductible because a taxpayer who takes a credit for foreign taxes may change his election and file an amended tax return claiming the deduction thereon. 26 U.S.C.A. § 6511(d)(3) (1967). The sense of George's view is that what determines whether or not an item is deductible is the federal law applicable to that particular tax year and not the actual schedule of deductions applicable to that year.

The tax administrator interprets the term "deductible" to mean "taken as a deduction." He reads § 44–11–11(a)(3) as a consideration of what deductions are applicable to the tax year in question and not what the law applicable thereto otherwise permits, regardless of what a taxpayer decides to do. Accordingly the nondeduction of an item on the federal return for a given tax year, according to the tax administrator, would preclude that item from being deductible for purposes of the state corporation income tax.

█ The tax administrator is required to resolve questions of law and fact to apply revenue statutes consistently with legislative intent. However, his determinations of

---

**2.** The regulations found in 26 CFR § 1.901–1 (1981) deny a federal deduction if the taxpayer elects a credit for the same item. *See also* 26 U.S.C.A. § 275(a)(4) (1978).

law are not binding upon the reviewing court. They "may be reviewed to determine what the law is and its applicability to the facts." *Gott v. Norberg*, R.I., 417 A.2d 1352, 1361 (1980) (quoting *Narragansett Wire Co. v. Norberg*, 118 R.I. 596, 607, 376 A.2d 1, 6 (1977)). Review before this court under § 42–35–16 properly includes questions of law involving the applicability of a statute to undisputed facts. *Flather v. Norberg*, 119 R.I. 276, 280 n.2, 377 A.2d 225, 227 n.2 (1977).

The divergence of views between George and the tax administrator demonstrates, and we conclude that § 44–11–11(a)(3) is not so clear as either George or the tax administrator asserts it to be. The opposing arguments each flow reasonably from the words of the section. Consequently, the intent of the Legislature cannot be viewed as settled. However, this court has long adhered to the rule that revenue statutes are to be construed strictly, with doubts about their meaning and scope resolved in favor of the taxpayer and against the taxing authority. *Maggiacomo v. DiVincenzo*, R.I., 410 A.2d 1332 (1980); *Newport Gas Light Co. v. Norberg*, 114 R.I. 696, 338 A.2d 536 (1975); *Manning v. Board of Tax Commissioners of Rhode Island*, 46 R.I. 400, 127 A. 865 (1925).

The tax administrator's argument rests heavily on the assumption that we must rely on federal law which would deny deductibility in the presence of a credit. He urged at oral argument that federal law should be our guide. However, he has shown us no authority, nor have we found any, that requires us to forfeit an independent view of the relationship between Rhode Island and federal revenue laws. The point of the relevant federal code sections and regulations is to prevent a taxpayer from reducing his income by more than the actual value of a particular item of deduction or credit. A taxpayer would not be permitted to take undue advantage of federal law by claiming simultaneously a deduction and a credit for the same item. We do not see any danger of this in the case before us.

Our conclusions are based on § 44–11–11, which defines corporate taxable "net income" to "mean gross income as defined in the federal corporation income tax law applicable to the taxable year," plus or minus certain adjustments. In our view, when the Legislature allowed a corporate taxpayer to use gross income in beginning its computations, it decided to allow the taxpayer to reassess its deductions against income without reference to the federal return. Cases cited by the tax administrator which deny the deduction on similar facts are inapposite to this case. Those cases involve statutes that differ from our own in that they require a corporate taxpayer to begin computing state tax liability from its federal taxable income rather than from its gross income. The result, under those statutes, we believe, is to afford the taxpayer less discretion in computing the state tax than appears to be the case in Rhode Island. By beginning the state tax computation with taxable income, such statutes as are found in the tax administrator's cases appear already to have taken the taxpayer's deductions into account.

For the reasons stated, the petition of George, Inc., is granted. The judgment of the District Court is hereby quashed, and the papers are remanded to the District Court with our decision endorsed thereon.