Alton W. BASSETT et ux.

v.

James DeRENTIS.

No. 80–183–Appeal.

Supreme Court of Rhode Island.

June 9, 1982.

Nolan & Dailey, Peter Nolan, Leo J. Dailey, Coventry, for plaintiffs.

Gorham & Gorham, Inc., Arthur M. Read, II, Providence, for defendant.

OPINION

MURRAY, Justice.

On December 9, 1975, Alton W. Bassett (Bassett) and his wife brought this action in

the Superior Court against James DeRentis, the tax assessor of the town of Foster (the tax assessor). The complaint alleged that the tax assessor had wrongfully assessed the Bassetts for certain items of personal property that they did not own. The Bassetts sought the abatement of such assessment. The case was heard by a justice of the Superior Court sitting without a jury. After the hearing, judgment was entered for the tax assessor. The parties are before us on the plaintiffs' appeal from such judgment.

The essential facts are as follows. Bassett owns and operates a campground in the town of Foster. He also owns and lives upon property that is located a short distance from the campground. During the camping season, from the beginning of May until the end of September, patrons park their trailers and campers on Bassett's campground and use his facilities. Bassett receives a fee for the use of his facilities during the camping season. During the off-season, Bassett allows patrons to leave their campers or trailers on the property located near his home. The movement of the vehicles from the campground is otherwise accomplished by the owners and is done to prevent vandalism. Bassett neither receives direct monetary compensation for the accommodation nor assumes any responsibility for the vehicles.

Over the years Bassett and the tax assessor have developed various informal methods for taxing the campers and trailers on Bassett's property as of the end of each calendar year. In 1973, the first year the tax assessor was serving in such capacity, Bassett furnished the tax assessor with a list of the actual owners and the makes and models of the campers and trailers. In 1974, the tax assessor's second year, no list was furnished by Bassett; instead, the tax assessor went to the Bassett property and conducted an inventory of the vehicles. He found many on his list to be repeats from the previous year. In both years the tax assessor attempted to tax the true owners directly.

In 1975, the tax assessor, evidently dissatisfied with his rate of collection on the campers and trailers, altered his method of assessment. He taxed Bassett personally for the thirty-two campers and trailers on his property as of December 31, 1974. The $1,509 personal property tax assessment is the subject of Bassett's abatement action.

In his bench decision, the trial justice found that a bailment existed between the owners of the campers and trailers and Bassett, even though Bassett received no direct monetary compensation for the accommodation. The accommodation was sufficient to establish Bassett as a person acting in a contractual representative capacity for the owners. The trial justice also found that "actual legal ownership of [the] trailers and campers was unknown to the tax assessor." The trial justice then applied his findings to the terms of G.L.1956 (1980 Reenactment) § 44-4-10 and concluded that the statute authorized the tax assessor to tax Bassett for the thirty-two campers and trailers. The trial justice therefore refused to abate the personal property taxes assessed as of December 31, 1974.

Although § 44-4-10 does provide a means by which personal property can be taxed to certain classes of persons in possession of such property when the true owners are unknown to an assessor, we are of the opinion that the section does not aid the tax assessor in the present case.

In construing a statute, this court has as its function to ascertain the intent of the Legislature and to effectuate that intent whenever it is within legislative competence. *In re R. J. P.*, 445 A.2d 286 at 287 (R.I.1982); *Great American Nursing Centers, Inc. v. Norberg*, R.I., 439 A.2d 249, 252 (1981); *Gott v. Norberg*, R.I., 417 A.2d 1352, 1356 (1980). In addition, it is presumed that the Legislature will not enact a statute that leads to an unreasonable result. *Berberian v. Berberian*, 111 R.I. 394, 395, 303 A.2d 370, 371 (1973); *Wilkinson v. Harrington*, 104 R.I. 224, 239, 243 A.2d 745, 753 (1968); *Genereux v. Pelosi*, 96 R.I. 452, 458, 192 A.2d 630, 633 (1963). Moreover, since we concern ourselves with a taxing statute,

the statute must be strictly construed with all doubts resolved in favor of the taxpayer. *George, Inc. v. Norberg,* 444 A.2d 868 at 869 (R.I.1982); *Maggiacomo v. DiVincenzo,* R.I., 410 A.2d 1332, 1333 (1980); *Van Alen v. Stein,* 119 R.I. 347, 359, 376 A.2d 1383, 1389 (1977).

The relevant portion of § 44–4–10 for our purposes provides that:

"if any tangible personal property * * * located in any town or city and belonging to any person, co-partnership, corporation, joint stock company or association unknown to the assessors shall be in possession or custody of any agent, consignee, or other person or persons acting in a contractual representative capacity for said owner unknown to the assessors, it shall be taxed to said agent, consignee or other representative, and the said agent, consignee or other representative shall be personally liable for the tax so assessed against him on the property in his possession or custody owned as aforesaid and, shall have a lien on the property of the said person unknown to the assessors for the tax paid on said unknown person's property * * *."

■ In reviewing the above-quoted statute, we are of the opinion that in order for an assessor to rely upon this provision, he must first make a reasonable effort to determine the owners of the personal property in question. This court will not adopt the contrary position that sanctions an assessor's subjective determination as to when an owner of personal property is unknown. Such position would be attributing to § 44–4–10 a result that is unreasonable.

■ In the present case it is clear to the court that the tax assessor did not make a reasonable effort to ascertain the identity of the owners of the thirty-two campers and trailers. Although he evidently mailed Bassett a standard form that is sent to all taxpayers at the approximate time of the assessment, this action alone is insufficient to constitute a reasonable effort by the tax assessor. We reach this conclusion because of the parties' previously established methods of dealing with the situation. In the tax assessor's first three years in the position, no sworn account was submitted by Bassett. In the first year, Bassett submitted a list of the owners to the tax assessor. In the second year, the tax assessor personally went to the Bassett property to determine ownership of the vehicles. It was during the third year, the tax year assessed as of December 31, 1974, that Bassett was taxed for the campers and trailers.

The fact that the tax assessor had difficulty collecting the taxes from the owners in those two previous years does not justify the assessing of Bassett personally for the taxes. Obviously, it was the low rate of collection that caused the tax assessor to alter his method. Furthermore, there is absolutely no indication that Bassett tried to impede the tax assessor in the performance of his duties. In fact, Bassett testified that he twice stopped by the tax assessor's office in the early part of 1975; each time he asked when the tax assessor was going to come to his property to view the trailers and pick up the list of owners. The tax assessor, when asked about Bassett's claim, stated that it was "a good possibility" that Bassett had acted in such fashion.

In conclusion, we are of the opinion that the tax assessor did not make a reasonable effort to ascertain the identity of the owners of the thirty-two campers and trailers. Each owner cannot be considered a person unknown to the tax assessor in light of our construction of § 44–4–10; the tax assessor therefore was not entitled to rely upon this section. The relief Bassett sought in his action for an abatement of his $1,509 tax bill should have been granted. The trial justice clearly erred in refusing to grant such relief.

The appeal is sustained, the judgment of the Superior Court is reversed, and the papers are remanded to the Superior Court with direction to enter judgment for the plaintiffs.