478 A.2d 491

**GORDON L. BROWN ASSOCIATES**

**v.**

**CHARNITA, INC.**

**Appeal of UNITED STATES of America.**

Superior Court of Pennsylvania.

Argued March 22, 1982.

Filed July 6, 1984.

George L. Hastings, Tax Division, U.S. Dept. of Justice, Washington, D.C., appellant, in propria persona.

Gary E. French, Harrisburg, for participating party.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal of the United States of America (The Government) from an order of the Court of Common Pleas of Adams County from a proposed Schedule of Distribution of the proceeds of a Sheriff's Sale. The proposed schedule

reflected all lien positions of record in Adams County against Charnita, Inc., a judgment debtor of the Government and Warren A. McFadden, appellee herein. The Government contends that the judgment lien in favor of McFadden had lapsed because no authorized person undertook to revive the lien so that its lien position, second in time to that of McFadden, was therefore first in right. The court below rejected the Government's position and affirmed the Sheriff's proposed Schedule of Distribution. We agree and affirm the order.

McFadden's lien interest was obtained prior to that of the Government on March 30, 1973. Judgment by confession was entered against Charnita and in favor of McFadden and his then partner, Edward J. Halloran. (The whereabouts of Halloran is unknown and he is not a party to this appeal.) The consideration for the judgment was a loan in the amount of $25,000 from the then partners to Charnita. The judgment was entered by H. Thomas Pyle, Equire, a member of the Adams County Bar, who served as local counsel to Charnita at the time of the loan. Because McFadden and Halloran did not have local counsel, the partners agreed that Attorney Pyle would appear of record on their behalf and enter judgment on the note. His fees were paid by Charnita.

The Government's tax liens were not filed of record until September 4, 1973 and August 24, 1974, well after the entry of the McFadden-Halloran judgment. They were filed with full knowledge of the prior lien.

The lien was revived within the statutory period. On January 19, 1978, Attorney Pyle received notice from the Prothonotary that the lien was due to expire on March 30, 1978. The notice was sent to him as the attorney of record. He contacted Attorney James Hopple who was counsel for McFadden and Halloran at the time of the 1973 transaction. Hopple is not licensed to practice in Pennsylvania and suggested that McFadden be contacted by Pyle. When contacted by Pyle, McFadden advised him that he was in personal bankruptcy as of January 19, 1978. Because of

the uncertainty created by the bankruptcy and the urgency of the situation, Pyle decided to revive the judgment on February 7, 1978 without express written or oral authority from any party in interest. His original authority was granted on March 30, 1973.

On November 27, 1979, McFadden's full interest in the Charnita judgment was distributed to him by the bankruptcy trustee. McFadden and the bankruptcy trustee had immediately ratified and confirmed Pyle's revival of the lien and no action was taken against the revival until the exceptions were filed on September 30, 1980, long after the ratification of counsel's revival.

The question raised by the Government on appeal is as follows: "Under the principles of agency law, a principal may 'ratify' a prior action of a person who purported to act as an agent for that principal but in fact acted without authority, and thereby give retroactive effect to the purported agent's action as if the action had been originally authorized. The question presented here is whether such ratification can be effective against the intervening rights of a third party."

 It is fundamental law that a principal may ratify the unauthorized acts of one not his agent. *DeSilvio v. Restauire*, 264 Pa.Superior Ct. 528, 400 A.2d 211 (1979). The rule applies whether the action is beneficial or not. *Rose v. Rose*, 385 Pa. 427, 123 A.2d 693 (1956). This is all the more reason for the rule, when as here, the action was beneficial. Such ratification preserved the lien position by revival.

The court below indicates in his opinion that Attorney Pyle was without authority to revive the judgment but that his action was ratified and confirmed by McFadden and the Trustee in bankruptcy. We agree that the court came to the right conclusion but have doubts concerning his holding that Attorney Pyle was not under the circumstances, authorized to revive the judgment, as he was the only counsel of record to preserve the interest of McFadden in the judgment he entered originally with authority.

As to the attorney of record's authority to preserve the judgment by reviving it, it seems to follow that "an attorney who obtains a judgment for his client has continuing authority to act for him in protecting the judgment against any proceeding in the action to avoid it." *7 Am.Jur.2d 166 (1983)*, In a New York case, *Hendry v. Hilton*, 127 N.Y.S.2d 454, 283 App.Div. 168 (1953), the question is well answered as follows:

"Until an attorney of record is discharged in the mode prescribed by law ..., the attorney is authorized to act for all purposes incidental to the entry and enforcement to the judgment; as to adverse parties his authority continues unabated."

Order affirmed.