197 N.J. Super. 596 (1984)
485 A.2d 1059
LAURA NANCY JOBE, PLAINTIFF-APPELLANT,
v.
WILLIAM JOBE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 22, 1984.
Decided December 17, 1984.
*597 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Fitzpatrick & Fitzpatrick, P.A., attorneys for appellant (Christopher L. Patella, on the brief).
Richard S. Hanlon, attorney for respondent.
The opinion of the court was delivered by GAYNOR, J.A.D.
In this matrimonial action, plaintiff-wife appeals from the denial of her application for an award of counsel fees and costs. We consider this denial to have been a mistaken exercise of the trial judge's discretion and reverse.
The parties were married September 6, 1975 and two children were born of the marriage. In August 1982 the parties separated and the following November plaintiff consulted her attorney with respect to the breakdown of the marriage. During the next few months the parties and their attorneys engaged in negotiations which culminated in the execution of a property settlement agreement on April 14, 1983. By this agreement the parties resolved all issues pertaining to custody of the children, *598 alimony and child support, distribution of marital assets and responsibility for debts incurred during the marriage.
Shortly thereafter plaintiff filed a domestic violence complaint because of threatening conduct of defendant and obtained an order prohibiting defendant from harassing or having any contact with plaintiff, the entry of which was unopposed by defendant. The complaint for divorce was filed on May 18, 1983 in which plaintiff sought a judgment dissolving the marriage, awarding her custody of the children, compelling payment by defendant of child support and alimony, effecting an equitable distribution of marital assets, permitting the resumption of her maiden name and directing defendant to pay her counsel fees and costs. The custody and financial issues having been resolved by the agreement, the case proceeded to a hearing on July 15, 1983 as an uncontested matter. As the settlement agreement provided for counsel fees to be fixed by the court, plaintiff applied for an award, indicating her fees and costs amounted to $2,975. The application was denied by the trial judge at that time and by order dated October 26, 1983 a rehearing requested by plaintiff was denied. Although the court did not clearly set forth the reasons for the denial, it appears from the following comments made by the judge during the course of the rehearing motion that his conclusions were predicated upon the limited extent of services rendered after the filing of the complaint and that those which had been rendered prior thereto related to nonmatrimonial issues:
* * * * * * * *
In all due respect, all of the work was done prior to the commencement of the action and the only thing that was before the court was the one issue on the domestic violence matter and visitation which I assume was worked out.
* * * * * * * *
But I can't award fees in non-matrimonial matters...
* * * * * * * *
... There is not enough before me to warrant the payment of counsel fees at this point.
*599 Plaintiff contends that all the legal services for which an allowance is sought were rendered in connection with the preparation and presentation of the matrimonial action and that an award was appropriate in view of her need and defendant's financial capability. Defendant asserts the denial of plaintiff's application was proper as the controlling rule limits an allowance to legal services reasonably required in prosecuting the litigation and also plaintiff had the ability to defray the cost of the minimal services rendered in the court proceedings resulting in the judgment. He also suggests plaintiff is bound by the action of the trial court in view of the clause in the agreement which allows "the court to determine the payment of counsel fees by and for each party," and thus as such determination was made this appeal is in violation of the agreement. Such contention is without merit as plaintiff may seek the benefit of the agreement.
The authority for an award of counsel fees in a matrimonial proceeding is contained in R. 4:42-9(a)(1) which provided as follows when plaintiff's application was made:[1]

In a matrimonial action, the court in its discretion may make an allowance, both pendente lite and on final determination, to be paid by any party to the action, including, if deemed to be just, any party successful in the action; but no allowance shall be made as to nonmatrimonial issues merely because joined with matrimonial issues.
Matrimonial actions include "... in general, all actions directly involving the status of marriage, awards to and support of spouses and former spouses, the custody and support of children; and claims between spouses and former spouses as to *600 property claimed to be owned by them; ..." R. 4:75.[2] Clearly, all the matters covered by the settlement agreement between plaintiff and defendant are issues encompassed within this definition of a matrimonial action. As noted in Chalmers v. Chalmers, 65 N.J. 186, 195 (1974), "... proceedings under the statute to secure the equitable distribution of marital assets are an integral part of the matrimonial action." See also Schlemm v. Schlemm, 31 N.J. 557 (1960). We discern no basis for the denial of plaintiff's application on the ground that the services related to nonmatrimonial matters. On the contrary, all services for which an allowance was sought, with the exception of the domestic violence proceeding which apparently was considered by the judge to be a matrimonial proceeding, concerned the resolution by agreement and adjudication of issues coming within R. 4-75 and judicially recognized as being matrimonial in nature.
Although R. 4:42-9(a)(1) spoke in terms of a "matrimonial action,"[3] we consider as too narrow a construction which arbitrarily limits an award of counsel fees to services rendered subsequent to the filing of a complaint, in view of the judicial encouragement of resolution by agreement of financial and property issues arising from the disintegration of a marriage, as well as the realities of matrimonial practice and procedures. Legal services rendered to a wife or husband before a complaint for divorce is filed can have as much relevancy to the subsequent matrimonial suit as those rendered after the action *601 has been formally commenced. When such services involve the preparation of a settlement agreement it matters not to the parties or the court whether settlement of pertinent issues was negotiated before or after the divorce complaint has been filed. In either case they were resolved and the legal services required in connection with the negotiation and execution of the property settlement agreement were just as necessary to the proceedings whether rendered before or after the filing of the divorce complaint. As fees for these services may be considered as "necessaries" for a wife, Williams v. Williams, 59 N.J. 229, 233 (1971), they must be treated as such whether incurred before or after the commencement of the suit. Furthermore, consent to an award of counsel fees for past services may be implied from the terms of a precomplaint agreement. We are certain that, although not previously directly passed upon, it has been the practice of our Chancery courts, in exercising their discretion in awarding counsel fees in matrimonial actions, to include services rendered prior to the filing of a complaint which were reasonably related to the relief sought in the action. See 10 N.J. Practice (Silverman, Marriage, Divorce and Separation) (4 ed. 1978), § 586 at 400. A contrary conclusion could have the harmful effect of discouraging the resolution and settlement of these matrimonial issues through prompt negotiation or mediation prior to court involvement and before any exacerbation of the situation or polarization of the parties' positions which conceivably might be a result of the institution of the action.
This question has arisen in other jurisdictions with the courts generally limiting allowances for counsel fees and expenses to those incurred after the institution of the action. See 27A C.J.S. Divorce § 216(b) at 938. However, this approach has been relaxed to permit awards for past services which were reasonably necessary to bringing or maintaining the action and where the husband consented to such an award. Ibid.; Rubin v. Rubin, 233 Md. 118, 195 A.2d 696 (Ct.App. 1963); Line v. Line, 75 Cal. App.2d 723, 171 P.2d 733 (Dist.Ct.App. 1946). See *602 also Berberian v. Berberian, 111 R.I. 394, 303 A.2d 370 (Sup. Ct. 1973).
The following observation was made in Rubin in considering an allowance for investigative services rendered prior to the commencement of suit:
... It has been held or said that suit money cannot be allowed for expenses incurred and for legal services rendered before suit was instituted since such are previously incurred expenditures and do not constitute expenses necessary for carrying on or defending the suit; but the better rule seems to be that under some circumstances counsel fees and other expenses incurred prior to bringing suit may be allowed to the wife as suit money. 1 Nelson, op. sit.... (Nelson on Divorce and Annulment (2nd ed.)) § 12.04. The principle of the more persuasive decisions in England and in this country (particularly in Maryland and New York) indicate that the expense of services rendered before suit is instituted, including investigation expenses, may be included in suit money allowable to a wife where such expenses are reasonable and necessary to bringing or carrying on the suit.
* * * * * * * *
As we read them, the English cases stand for the proposition that expenses preliminary to suit are recoverable from the husband when they have been reasonably incurred and were necessary to bringing and carrying on the suit. (Rubin v. Rubin, 233 Md. at 125, 126, 195 A.2d at 700).
In Line, as in the present case, the parties negotiated a property settlement agreement prior to instituting the divorce action and provided therein for an award of counsel fees to the wife as determined by the court. This provision of the agreement was considered by the court as constituting a consent by the husband to an allowance for the past services rendered by the wife's attorney.
And, in Weiss v. Melnicove, 218 Md. 571, 147 A.2d 763 (Ct.App. 1959), the court, in concluding that the husband was responsible to the wife's attorney for fees charged for representing her in negotiations looking toward a property settlement and for preparing a proposed separation agreement prior to the institution of suit, considered such expenses as "necessaries" of the wife.
We believe that an award of counsel fees for services rendered prior to the commencement of a matrimonial action (now *603 a civil family action) and reasonably related to the relief sought in the action is in accord with the intended purpose of R. 4:42-9(a)(1) and in conformity with our practice. Accordingly, the court's denial of plaintiff's application because the fees were incurred for services rendered prior to the filing of the complaint was an erroneous exercise of its discretion.
As stated in Williams v. Williams, 59 N.J. at 233, in considering whether a wife is entitled to counsel fees and costs "our courts focus on several factors, including the wife's need, the husband's financial ability to pay and the wife's good faith in instituting or defending the action." (citations omitted). Of course, in evaluating the requested allowance, the court must critically review the nature and extent of the services rendered, the complexity and difficulty of the issues determined, and the reasonableness and necessity of the time spent by counsel in rendering the legal services. See Mayer v. Mayer, 180 N.J. Super. 164 (App.Div. 1981). In our opinion, the facts of the present case warrant an award of counsel fees to the plaintiff. She is presently unemployed and is dependent upon the support being provided by defendant, whereas he is employed and earns approximately $34,000 a year. The record contains no information as to the assets of either of the parties, but we believe that if plaintiff had resources enabling her to satisfy her counsel fees it would have been brought to the attention of the court. Further there is no indication in the property settlement agreement that any assets were transferred to plaintiff. As indicated, the domestic violence proceeding is a separate matter and not relevant to this matrimonial action and thus should not be considered in making an allowance to plaintiff.
The order appealed from is reversed and the matter is remanded to the Superior Court, Chancery Division, Family Part, Hudson County, for an award of counsel fees to plaintiff consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Effective December 31, 1983 this rule was amended in the following manner: (1) In a family action, the court in its discretion may make an allowance both pendente lite and on final determination to be paid by any party to the action, including if deemed to be just any party successful in the action, on any claim for divorce, nullity, support, alimony, custody, visitation, equitable distribution, separate maintenance and enforcement of interspousal agreements relating to family type matters.
[2] This rule was deleted effective December 31, 1983 and replaced by R. 5:1-2(a) which provides: Civil Family Actions Generally. All civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought to the Family Part. Such actions shall include all actions and proceedings provided for in Chapters II and III of Part V; all civil actions and proceedings formerly designated as matrimonial actions; all civil actions and proceedings formerly cognizable in the Juvenile and Domestic Relations Court; and all other civil actions and proceedings unique to and arising out of a family or a family-type relationship.
[3] Now "civil family action" per R. 5:1-2(a).