W. T. GRANT COMPANY *v.* CHARLES J. McLAUGHLIN, TAX COMMISSIONER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 8—decided February 26, 1943.

*Howard W. Alcorn,* with whom, on the brief, was *Charles W. Rivoire,* of the New York bar, for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

JENNINGS, J. The W. T. Grant Company is a Delaware corporation operating approximately five hundred retail department stores in various parts of the United States. All of these stores, including the twenty-six in Connecticut, are operated in leased premises for which the Grant Company pays a stipulated rental. In 1935 the Connecticut General Assembly passed an act entitled "The Corporation Business Tax Act of 1935," consisting of Chapter 66b of the Cumulative Supplement of 1935 to the General Statutes, under the terms of which the appellant is required to make return (§ 424c) and pay a "tax or excise upon its franchise for the privilege of carrying on or doing business within the state" (§ 418c) of 2 per cent on its net income. Under the provisions of § 419c of this chapter deductions may be made from gross income of "all items deductible under the federal corporation net income tax law effective and in

force on the last day of the income year" (26 U. S. C. A., § 23) with certain exceptions, only one of which is involved in this case, that is, rent paid during the income year. Payments made by a landowner for taxes on his real estate are deductible under the federal law and, not being within the exceptions in our law, are deductible under it. The questions on which the Superior Court requests advice in this case are, first, whether taxes paid under the terms of the several leases may be deducted or whether they are essentially a part of the rent and therefore not deductible and, secondly, whether the amounts paid by the plaintiff to International Business Machines Corporation, under an agreement to lease certain machines, not as rent but for services rendered, are or are not deductible.

The provisions in the leases concerning taxes all relate to those imposed upon the real estate occupied by the plaintiff. They vary, but, for the purpose of analysis, are divided into five classes. No question is asked with regard to the first class. The second class provides for a fixed rental and "As additional and further rent, the Tenant agrees to pay . . . all . . . taxes." The third class provides for a fixed rental plus any increase in taxes over those assessed for the first year of the lease. The fourth provides for a fixed rental plus the payment of all taxes. The fifth and last provides for a fixed rental plus 70 per cent of any increase in the taxes. Counsel have analyzed the several classes of leases in great detail but in the view we take of the case this analysis is unnecessary. This is also true of the numerous authorities cited in the briefs. Connecticut cases construing this statute have not passed on the precise point in issue although the conclusion here reached is foreshadowed in *House of Hasselbach, Inc.* v. *McLaughlin,* 127 Conn. 507, 18 Atl. (2d) 367. While much of the apparent diver-

gence of opinion in the cases from other states might be explained away, some residual differences would remain. As illustrative of the cases holding that taxes are essentially a part of the rent, see *In re Bonwit, Lennon & Co.*, 36 Fed. Sup. 97, 100; *Quinby Co.* v. *Sheffield*, 84 Conn. 177, 190, 79 Atl. 179. On the other side stands such cases as *Garner* v. *Hannah*, 13 N. Y. Super. (6 Duer) 262, 266; *Guild* v. *Sampson*, 232 Mass. 509, 512, 122 N. E. 712. In many of these cases the contract expressed in the lease is being construed to determine the rights of the signatories. In such a case the fundamental rule of construction is the intention of the parties. *Perkins* v. *Eagle Lock Co.*, 118 Conn. 658, 663, 174 Atl. 77. In this case, however, the meaning of a term in a statute is in issue and in such a case it is the intention of the legislature which must be ascertained. *People's Holding Co.* v. *Bray*, 118 Conn. 568, 571, 173 Atl. 233; *In re Bonwit, Lennon & Co.*, supra, 101. In other words, the parties cannot evade the imposition of the tax by the mere phrasing of their contract if their transactions are fairly within its terms. *Charles R. Holden*, 27 B. T. A. 530, 537, and see *Huntington Telephone Co.* v. *Public Utilities Commission*, 118 Conn. 71, 79, 170 Atl. 679.

The intention of our legislature in view of the purpose behind the legislation is clear. It was enacted pursuant to a report made in 1934 by a commission to study the tax laws of the state. On page 455 appears the following statement: "A business tax should not depend upon the financial organization of a corporation but rather upon the amount of business done. This is not related to the amount of capital invested by stockholders or the equity of stockholders in the assets of the corporation, but rather to the amount of capital used in the business whether borrowed or contributed by stockholders. To satisfy this

requirement, it is necessary to redefine net income so as to include payments and accruals to the credit of all contributors of capital—that is, rental and interest payments and accruals as well as net profits." The purpose of not permitting the deduction of rents and interest is to arrive at a truer value of the assets employed in a business and prevent the avoidance of the tax burden by poor management, excessive salaries, a top-heavy financial structure or the like. Report, p. 423.

Coming to the facts of this case, whether the money was paid strictly as rent or as rent and as a contribution to the tax burden of the landlord with respect to the particular property involved, it was money paid for the privilege of occupying the premises and should therefore not be deducted if the return is to reflect the amount of business done. It is conceivable that a landlord might, at least as a temporary proposition, be willing to lease his property for the sole consideration of the payment of taxes by the tenant. It would be absurd under those circumstances to say that the tenant was paying no rent. The definitions of rent relied on by the plaintiff are not helpful. Rent may mean one thing in one case and a very different thing in another. Its meaning in this particular case is the determinative factor. Since this tax is tied into the federal corporation income tax, as stated above, the interpretation of the latter by the board of tax appeals is helpful. In the *Holden* case, supra, the board says (p. 537): "The petitioner in his brief lays stress upon the fact that it is provided in the lease contract that the interest and taxes were not payments of additional rent. But we think no argument or citation of authority is necessary to support the elemental proposition that, if the circumstances of the case establish that the payments of interest and taxes were made as

part of the consideration for the lease of the apartment, then they constituted additional rent, and such fact is not changed and can not be disregarded because of a contrary statement contained in the lease contract between the petitioner and his lessor. However, notwithstanding said statement in the lease contract, we think a fair construction of the provisions of that contract clearly indicates that the interest and taxes paid by the petitioner constituted nothing more nor less than additional rental."

The board points out another reason why the amounts here in question are not deductible under the federal corporation income tax. The obligation of the plaintiff to pay taxes was not one owed to the governmental body imposing the tax but to the lessors. *Caroline T. Kissell*, 15 B. T. A. 1270, 1274; *Denholm & McKay Co.*, 39 B. T. A. 767, 773. Not being deductible under the federal tax, it cannot deduct them under § 419c by the terms of the latter. For the reasons stated, in all of the situations described in this reservation rent includes taxes paid.

The operative paragraph in the stipulated facts with reference to the rental of the tabulating machines reads as follows: "In addition to the foregoing, the appellant uses in its business various types of automatic tabulating machines, and, in connection therewith, has an agreement with the Tabulating Machine Company Division of the International Business Machines Corporation, a copy of which is attached hereto as Exhibit G and made a part hereof as fully as if set forth herein. By virtue of said agreement, the appellant paid to the International Business Machines Corporation during the fiscal year ending January 31, 1941 the sum of $32,785.38, of which $13,114.15 represents a rental fee for said machines and $19,671.23 represents a payment for other services and charges called for

under said contract." In view of this fact the defendant is not justified in treating as "rent" charges distinguished in the stipulation signed by him as "payment for other services." The amount paid for these other services is deductible.

In answer to the first question, we advise that the taxes paid under the terms of the several leases are not deductible, and, in answer to the second question, we advise that the amounts paid the International Business Machines Corporation for services rendered are deductible.

No costs will be taxed to either party in this court.

In this opinion the other judges concurred.