## McKesson and Robbins, Inc. *v.* Walter W. Walsh, Tax Commissioner.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued November 3, 1943—decided January 13, 1944.

*William Reeves,* for the plaintiff.

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the defendant.

MALTBIE, C. J.   The plaintiff is a corporation which carries on a portion of its business in this state and is subject to the corporation business tax imposed by Chapter 66b of the General Statutes, Cumulative Supplement of 1935, as amended.   It made a return to the defendant tax commissioner upon the basis of its business for the first six months of the calendar year of 1942.   The tax commissioner refused to allow one of the "deductions" it claimed, and assessed an additional tax.   From that ruling, the plaintiff appealed to the Superior Court and the case has been reserved to this court.

The corporation business tax is a "tax or excise upon its [the corporation's] franchise for the privilege of carrying on or doing business within the state," measured by its net income as defined in the act.   General Statutes, Sup. 1941, § 176f.   Gross income was defined in the 1935 act as meaning "gross income as defined in the federal corporation net income tax law in force on the last day of the income year" with certain additions, and net income was defined as meaning "net earnings received during the income year and available for contributors of capital, whether they be creditors or stockholders, computed by subtracting from gross income the deductions allowed by the terms of section 419c."   General Statutes, Cum. Sup. 1935, § 417c.   These definitions were repeated when the section was amended in 1939 and in 1943.   General Statutes, Cum. Sup. 1939, § 353e; Sup. 1943, § 291g.   Section 419c provides that in determining net income "there shall be deducted from gross income all items deductible under the federal corporation net income tax law effec-

tive and in force on the last day of the income year, except (1) federal taxes on income or profits, losses of prior years, interest received from federal, state and local government securities and specific exemptions, if any such deductions shall be allowed by the federal government and (2) interest and rent paid during the income year." These provisions make it clear that, as we pointed out in *W. T. Grant Co.* v. *McLaughlin*, 129 Conn. 663, 667, 30 Atl. (2d) 921, "this tax is tied into the federal corporation income tax."

For the year 1942 corporations under the federal income tax laws were subject to a "normal tax" levied upon the "normal-tax net income," defined as "the adjusted net income minus the credit for income subject to the tax imposed by Subchapter E of Chapter 2 provided in section 26(e) and minus the credit for dividends received provided in section 26(b)," and to a "surtax" levied upon the "corporation surtax net income," defined as "the net income minus the credit for income subject to the tax imposed by Subchapter E of Chapter 2 provided in section 26(e) and minus the credit for dividends received provided in section 26(b) (computed by limiting such credit to 85 per centum of the net income reduced by the credit for income subject to the tax imposed by Subchapter E of Chapter 2 in lieu of 85 per centum of the adjusted net income so reduced), and minus, in the case of a public utility, the credit for dividends paid on its preferred stock provided in section 26(h)." 56 Stat. at Large, Pt. 1, p. 805, §§ 105, 15, 26 U. S. C. (Sup. 1942) § 13(a)(2), p. 258, § 15, p. 259. Section 26 of the Internal Revenue Code was entitled "Credits of Corporations." 53 Stat. at Large, Pt. 1, p. 18, 26 U. S. C. § 26. It was amended by the Revenue Act of 1942, applicable for the year 1942, by the addition of a paragraph, "(e)," the portion of which material to the

issues before us is as follows: "In the case of any corporation subject to the tax imposed by Subchapter E of Chapter 2, an amount equal to its adjusted excess-profits net income (as defined in section 710(b))." 56 Stat. at Large, Pt. 1, p. 806, § 15(e), 26 U. S. C. (Sup. 1942) § 26(e), p. 271. The tax imposed by the provisions of Subchapter E of Chapter 2 of the public laws enacted by the 76th Congress, The Internal Revenue Code, was an "excess profits tax." See 53 Stat. at Large, Pt. 2, p. 510; 54 Stat. at Large, Pt. 1, p. 975, § 201, 26 U. S. C., p. 2147; 56 Stat. at Large, Pt. 1, p. 899, § 202, 26 U. S. C. (Sup. 1942) § 710. It was based primarily upon the "adjusted excess profits net income" as defined in § 710(b) of the Internal Revenue Code, and this section referred to § 711, which fixed as the basis of the tax "the normal-tax net income," subject to certain deductions and credits. 54 Stat. at Large, Pt. 1, pp. 975, 976, § 201, 26 U. S. C. §§ 710, 711. In the 1942 statute an alternative provision was inserted which permitted a corporation to pay the tax based upon the lesser of two amounts, either 90 per centum of the adjusted excess-profits net income or "an amount which when added to the tax imposed for the taxable year under Chapter 1 (other than section 102) equals 80 per centum of the corporation surtax net income, computed under section 15 or Supplement G, as the case may be, but without regard to the credit provided in section 26(e) (relating to income subject to the tax imposed by this subchapter)." 56 Stat. at Large, Pt. 1, p. 899, § 202, 26 U. S. C. (Sup. 1942) § 710.

The plaintiff corporation was subject to these taxes. In its return to the federal government of income subject to the normal tax and the surtax for the first six months of 1942, it stated, in accordance with the requirements of the form adopted by the internal rev-

enue service of the treasury department, its "adjusted net income" as $7,540,857.84, "less: income subject to excess profits tax—$1,638,506.66." Certain corrections were later made in these sums. When the plaintiff made its return to the tax commissioner of this state as a basis for computing its corporation business tax, it claimed as a deduction "Excess Profits Taxable Income—$1,432,332.96." The question presented on this reservation is whether this was an item "deductible under the federal corporation net income tax law" and so a deduction from the income of the corporation in determining the tax to be paid this state.

The plaintiff claims that the words in § 419c of our act "federal corporation net income tax law" do not include the excess profits tax but only the normal tax and the surtax, and that in determining the amount of these taxes the income subject to the excess profits tax is a deductible item. It is true that when in 1935 our act was passed the only income tax levied by the federal government upon corporations was one upon "net income" with a possible additional surtax where a corporation had improperly accumulated surplus; 48 Stat. at Large, Pt. 1, p. 686, § 13, p. 702, § 102, 26 U. S. C. §§ 13, 104 (1934); and that the excess profits tax did not come into existence until 1940. 54 Stat. at Large, Pt. 1, p. 975, 26 U. S. C., p. 2147. That our statute was not intended to be based permanently upon the federal tax law as it stood in 1935 is, however, apparent from the provision that deductions are to be based on the federal law "effective and in force on the last day of the income year."

The excess profits tax, as appears from the quotations made above, is one which is levied upon "net income," determined in one of two ways. The normal tax, the surtax and the excess profits tax are all imposed by a single statute. The last is not a separate

and independent tax but is inextricably woven into the general scheme of taxing corporations on their net income. The amounts which would otherwise be levied as a "normal tax" and a "surtax" are decreased by crediting against the income upon which they would otherwise be based the income subject to the excess profits tax. On the other hand, the starting point in determining the income upon which the excess profits tax is levied is the net income which is determined for the purpose of the normal tax, or in one alternative the surtax net income. There is little, if any, more reason for regarding the excess profits tax as a tax independent of the normal tax and the surtax than there is for regarding the surtax as independent of the normal tax. Just as the surtax was added to the net income tax in effect in 1935, so the excess profits tax was later added to them. All three are in reality part of a single plan for the taxation of a corporation upon its net income, placed, it is true, upon somewhat different bases and in different subchapters, apparently for no reason other than their enactment at different times. The legislature, in passing the 1935 act, must have intended to include in the words "the federal corporation net income tax law effective and in force on the last day of the income year" the entire federal statutory plan for taxing corporations upon their net income. Certainly, if that were not so, when § 417c of the 1935 law was amended in 1943, after the enactment of the federal excess profits tax, the reference to the deductions allowable from gross income as those specified in § 419c would hardly have been left unchanged, for reasons which will hereafter be stated.

While the nomenclature is not always strictly adhered to in the Internal Revenue Code, there is a clear distinction between "deductions" and "credits" as those

words are used in the law. The basis of the tax upon corporations is "net income"; in arriving at "net income" certain "deductions" may be made from "gross income"; and the sums so deducted are not subject to any tax. On the other hand, in computing the amount of net income upon which one tax or another is levied, certain "credits" are allowed, and the sums so allowed in determining net income as a basis for one tax may not be allowed in determining the net income subject to another tax. This is illustrated by the provisions of § 25, entitled "Credits of Individual against Net Income," which begins: "Credits for Normal Tax Only.—There shall be allowed for the purpose of the normal tax, but not for the surtax, the following credits against the net income: . . . ." 53 Stat. at Large, Pt. 1, p. 17, 26 U. S. C. § 25. The regulations of the treasury department recognize the distinction; thus they read "net income, meaning gross income less statutory deductions"; "Net income less credits. The normal taxes and surtaxes imposed on individuals and on corporations are computed upon net income less certain credits." 26 C. F. R. (1940 Sup.) § 19.21-1(c), (d), U. S. Treas. Dept. Reg. 103 § 19.21-1, 111 § 29.21-1. The right to subtract net income subject to the excess profits tax in determining the net income subject to the normal tax and the surtax is a typical instance of a "credit." The net income so subtracted is not freed from taxation. Its allowance goes no further than to determine the portions of net income which are subject to the different taxes. To allow the "adjusted excess-profits net income" to be deducted from income subject to our corporation business tax would mean that a substantial amount of corporate income which is taxed by the federal government would have to be omitted in determining the amount of the tax levied by this state upon the franchise of the corporation.

When our statute refers to "items deductible under the federal corporation net income tax law," the intent could not have been to include "credits" of sums which are subject to taxation under the federal law, and the subtraction of which is allowed only for the purpose of determining the particular amount of net income subject to a particular tax. The tax commissioner was right in ruling that the excess-profits net income is not deductible in determining the income of the plaintiff subject to taxation under Chapter 66b.

To the question propounded, asking whether the income of the plaintiff subject to the federal excess-profits tax is deductible under the provisions of § 419c, we answer "No."

Costs will be taxed in favor of the defendant as though he were the prevailing party defendant upon an appeal.

In this opinion the other judges concurred.