SKAARUP SHIPPING CORPORATION *v.* COMMISSIONER
OF REVENUE SERVICES
(12584)

PETERS, C. J., HEALEY, DANNEHY, CALLAHAN and DOYLE, Js.

Argued March 6—decision released April 15, 1986

*Vernon C. Miller, Jr.,* for the appellant (plaintiff).

*Robert L. Klein,* assistant attorney general, with
whom, on the brief, was *Joseph I. Lieberman,* attor-
ney general, for the appellee (defendant).

PETERS, C. J. The issue in this case is whether a corporation that has elected to treat payments of foreign income taxes as a credit for federal tax purposes may claim such payments as a deduction from its taxable income under the Connecticut corporate business tax. The department of revenue services disallowed the deduction and assessed tax deficiencies for the years 1977 and 1978 against the plaintiff, Skaarup Shipping Corporation. The plaintiff took a timely but unsuccessful appeal to the defendant, the commissioner of revenue services. The plaintiff's subsequent appeal to the Superior Court, pursuant to General Statutes § 12-237,[1] resulted in a stipulation of facts by the parties and a request to the court for reservation of the question of law for the consideration and advice of the Appellate Court. The trial court agreed to reserve the question, and this court transferred the reservation here. We answer the reserved question in the negative.

The stipulation reveals the following facts. The plaintiff Skaarup is a New York corporation authorized to do business in Connecticut. Its business is worldwide ocean shipping. During the tax years 1977 and 1978, the plaintiff was a partner in Natomas-Skaarup Marine Sales, a partnership conducting business in the United Kingdom. Because of these activities, the partnership, and the plaintiff as a partner, incurred liability for United Kingdom income taxes.

The plaintiff reported its share of the partnership income and of the United Kingdom income taxes on

---

[1] General Statutes § 12-237 provides in relevant part: "APPEAL. Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under the provisions of this part may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain, which shall be accompanied by a citation to the commissioner of revenue services to appear before said court."

its 1977 and 1978 federal and state tax returns.[2] The plaintiff elected to treat the United Kingdom taxes as a credit under 26 U.S.C. § 901,[3] even though that election did not provide the plaintiff with a credit in the full amount of the taxes paid.[4] See 26 U.S.C. § 904.[5] As a consequence of its election to treat the taxes as a credit, the plaintiff was barred by Internal Revenue Code §§ 275 (a) (4) and 905 (a)[6] from taking the taxes as a deduction on its federal tax returns for the years in question. In filing its Connecticut corporation tax

---

[2] The income received by Skaarup from its activities in the United Kingdom and the income taxes paid thereon to the United Kingdom during the years in question were as follows:

|  | Income from the United Kingdom | United Kingdom Income Taxes |
|---|---|---|
| 1977 | $57,166 | $29,750 |
| 1978 | 85,430 | 44,400 |

[3] At the time in question, 26 U.S.C. § 901 provided in relevant part: "TAXES OF FOREIGN COUNTRIES AND OF POSSESSIONS OF UNITED STATES. (a) ALLOWANCE OF CREDIT. If the taxpayer chooses to have the benefits of this subpart, the tax imposed by this chapter shall, subject to the limitation of section 904, be credited with the amounts provided in the applicable paragraph of subsection (b) plus, in the case of a corporation, the taxes deemed to have been paid under sections 902 and 960."

[4] In 1977 and 1978, the amounts credited by the plaintiff against its federal income taxes relative to the amounts actually paid in taxes to the United Kingdom were:

| | 1977 | 1978 |
|---|---|---|
| Taxpayer's share — United Kingdom income taxes | $29,750 | $44,400 |
| Amount claimed as foreign tax credit | 9,722 | 5,714 |
| Unused foreign taxes | $20,028 | $38,686 |

[5] At the time in question, 26 U.S.C. § 904 provided in relevant part: "LIMITATION ON CREDIT. (a) LIMITATION. The total amount of the credit taken under section 901 (a) shall not exceed the same proportion of the tax against which such credit is taken which the taxpayer's taxable income from sources without the United States (but not in excess of the taxpayer's entire taxable income) bears to his entire taxable income for the same taxable year."

[6] At the time in question, 26 U.S.C. § 275 (a) provided in relevant part: "No deduction shall be allowed for the following taxes . . . (4) Income, war profits, and excess profits taxes imposed by the authority of any for-

returns, the plaintiff deducted in each year the full amount of the United Kingdom taxes that it had paid.

The department of revenue services interpreted General Statutes § 12-217 to disallow the plaintiff's claimed deductions to the extent that they exceeded the foreign tax credits reported on the plaintiff's federal income tax returns. Accordingly, the plaintiff was notified of deficiency assessments for its 1977 and 1978 state tax returns. The plaintiff declined to pay the additional taxes and contested the adverse ruling at a hearing before the director of protests and hearings. The defendant commissioner denied its appeal.

The question upon which the parties seek the advice of this court is as follows: "May the plaintiff corporation deduct, pursuant to [§] 12-217 of the Connecticut General Statutes, the entire amount of foreign income taxes paid or accrued to arrive at its net income for Connecticut Corporation Business Tax purposes for the years in question, despite the fact that the plaintiff elected under [§] 901 of the Internal Revenue Code to treat such foreign income taxes as a credit, rather than as a deduction, for federal income tax purposes, and was thus precluded from taking a 'deduction' of such foreign taxes on the plaintiff's federal income tax

eign country or possession of the United States, if the taxpayer chooses to take to any extent the benefits of section 901 (relating to the foreign tax credit)."

At the time in question, 26 U.S.C. § 905 (a) provided: "YEAR IN WHICH CREDIT TAKEN. The credits provided in this subpart may, at the option of the taxpayer and irrespective of the method of accounting employed in keeping his books, be taken in the year in which the taxes of the foreign country or the possession of the United States accrued, subject, however, to the conditions prescribed in subsection (c). If the taxpayer elects to take such credits in the year in which the taxes of the foreign country or the possession of the United States accrued, the credits for all subsequent years shall be taken on the same basis, and no portion of any such taxes shall be allowed as a deduction in the same or any succeeding year."

returns for the years in question under [§§] 275 (a) (4) and 905 (a) of the Internal Revenue Code?"[7]

Resolution of the question reserved to us requires an examination of relevant provisions of the statutes governing the corporate business tax. By way of background, General Statutes § 12-213 defines "gross income" as "gross income as defined in the federal corporation net income tax law . . . " and "net income" as "net earnings received during the income year and available for contributors of capital, whether they are creditors or stockholders, computed by subtracting from gross income the deductions allowed by the terms of section 12-217 . . . . " The key provision, however, is General Statutes § 12-217 (a) which states that "[i]n arriving at net income as defined in section 12-213, whether or not the taxpayer is taxable under the federal corporation net income tax, there shall be deducted from gross income, (A) all items deductible under the federal corporation net income tax law effective and in force on the last day of the income year . . . . "

The parties offer competing versions of the meaning to be attributed to § 12-217's reference to "items deductible under the federal corporation net income tax law." The plaintiff argues that the statute allows a taxpayer to deduct all items that could have been deducted under the federal tax law, not just those items that were in fact deducted on the taxpayer's federal tax return. Since the plaintiff was permitted to treat foreign income taxes as a deduction from gross income by 26 U.S.C. § 164 (a) (3),[8] the plaintiff argues that these

---

[7] Although the parties' briefs also advert to the issue of double taxation, counsel for both parties agreed at oral argument that this issue was not included in the question reserved for this court's consideration. Consequently, no such issue is before the court in this case.

[8] At the time in question, 26 U.S.C. § 164 (a) (3) provided: "Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued . . . (3) State and local, and foreign, income, war profits, and excess profits taxes."

taxes were deductible despite its election to take federal tax credits rather than federal tax deductions in the relevant tax years. The defendant maintains, to the contrary, that once foreign taxes have been claimed as tax credits, they are no longer deductible under the federal tax law; 26 U.S.C. §§ 275 (a) (4) and 905 (a); and therefore that they are not deductible under § 12-217. In effect, the issue is whether § 12-217 makes the plaintiff's federal election binding on the plaintiff's calculation of its state tax obligation. Although the question is a close one, we agree with the defendant that it does.

While we have not previously addressed the implications of a taxpayer's federal election on his privilege to claim deductions under our state tax laws, we do not write on a clean slate. We have repeatedly recognized that our tax laws incorporate federal tax principles; *Harper* v. *Tax Commissioner,* 199 Conn. 133, 506 A.2d 93 (1986); *The B.F. Goodrich Co.* v. *Dubno,* 196 Conn. 1, 7, 490 A.2d 991 (1985); *Yaeger* v. *Dubno,* 188 Conn. 206, 210, 211–12, 449 A.2d 144 (1982); *Woodruff* v. *Tax Commissioner,* 185 Conn. 186, 191, 440 A.2d 854 (1981); *Peterson* v. *Sullivan,* 163 Conn. 520, 525, 313 A.2d 49 (1972); *Kellems* v. *Brown,* 163 Conn. 478, 518–19, 313 A.2d 53 (1972), appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678 (1973); *First Federal Savings & Loan Assn.* v. *Connelly,* 142 Conn. 483, 489–93, 115 A.2d 455 (1955), appeal dismissed, 350 U.S. 927, 76 S. Ct. 305, 100 L. Ed. 811 (1956); *McKesson & Robbins, Inc.* v. *Walsh,* 130 Conn. 460, 461–64, 35 A.2d 865 (1944). It is therefore highly significant that the federal tax code, in 26 U.S.C. §§ 275 (a) (4) and 905 (a), prohibits a taxpayer who has taken a tax credit from thereafter claiming a tax deduction for the payment of foreign taxes. We have previously held taxpayers to the state law consequences of their federal tax elections. *Harper* v. *Tax Commissioner,* supra; *Miller* v. *Heffernan,* 173 Conn. 506, 519, 378 A.2d 572

(1977), appeal dismissed, 434 U.S. 1057, 98 S. Ct. 1226, 55 L. Ed. 2d 758 (1978). Furthermore, we have uniformly adhered to the view that deductions from otherwise taxable income are a matter of legislative grace and hence are strictly construed against the taxpayer. *Harper* v. *Tax Commissioner,* supra; *The B.F. Goodrich Co.* v. *Dubno,* supra, 8–9; *Yaeger* v. *Dubno,* supra, 212. Finally, we have frequently expressed our deference to legislative choices about the equities of classifications in tax statutes. As has the Supreme Court of the United States, we have acknowledged "the large area of discretion which is needed by a legislature in formulating sound tax policies . . . . [I]n taxation, even more than in other fields, legislatures possess the greatest freedom in classification." *Kellems* v. *Brown,* supra, 487, quoting *Madden* v. *Kentucky,* 309 U.S. 83, 87–88, 60 S. Ct. 406, 84 L. Ed. 590 (1940); *Gunther* v. *Dubno,* 195 Conn. 284, 291, 487 A.2d 1080 (1985); *Miller* v. *Heffernan,* supra, 509–10. In combination, these precedents lend strong support to the position of the defendant tax commissioner in this case.

In order to prevail in the light of these precedents, the plaintiff must establish that § 12-217 clearly and unambiguously authorizes a corporate taxpayer's right to claim a deduction for foreign taxes despite the taxpayer's exercise of his federal right to treat such taxes as a credit. The plaintiff asks us to focus on two aspects of the text of § 12-217 (a): (1) the use of the adjective "deductible" rather than "deducted" as a criterion of an allowable deduction; and (2) the use of the referent "gross income" to define the base from which items "shall be deducted." Because the dictionary definition of "deductible" is "capable of being deducted"; Webster, Third New International Dictionary; and because the legislature chose a referent other than the tax-

payer's federal taxable income, the plaintiff maintains that items that could have been deducted from the plaintiff's federal gross income are equally deductible under § 12-217.

As the defendant points out, however, the plaintiff's analysis does not take full account of all of the relevant text of § 12-217 (a). In describing the items that are deductible, the statute refers to "the taxpayer" and to "deductible under the federal corporation net income tax law effective and in force on the last day of the income year . . . ." This language supports the defendant's construction of "deductible" as meaning "deductible for this taxpayer." The foreign taxes of this taxpayer were no longer deductible under the federal law, no longer capable of being deducted, after the election to take a federal tax credit. At the very least, the defendant's argument demonstrates that "deductible under the federal corporation net income tax law" does not unambiguously have the meaning ascribed to it by the plaintiff. The plaintiff therefore cannot prevail.

Courts in other jurisdictions have disagreed about whether a taxpayer in calculating his state tax liability may ignore a prior federal election to claim foreign taxes as credits rather than as deductions. The position of the plaintiff finds support in *Bogner* v. *Department of Revenue and Taxation,* 107 Idaho 854, 856, 693 P.2d 1056 (1984), and in *George, Inc.* v. *Norberg,* 444 A.2d 868, 869–70 (R.I. 1982), while the defendant relies on *Caterpillar Tractor Co.* v. *Lenckos,* 84 Ill. 2d 102, 126, 417 N.E.2d 1343 (1981); *Albany International Corporation* v. *Halperin,* 388 A.2d 902, 906 (Me. 1978), and *Commonwealth* v. *Westinghouse Electric Corporation,* 478 Pa. 164, 168, 386 A.2d 491 (1978). As the parties conceded at oral argument, none of these cases is precisely on all fours, either because of differences in

the wording of the underlying statutes or because of differences in the applicable rules of construction for tax deductions. Although they help to illuminate the argument, they do not resolve the issue before us.

The question reserved to this court is answered: No.

In this opinion the other judges concurred.