CIRCUITS, INC. *v.* OREST T. DUBNO, COMMISSIONER OF
REVENUE SERVICES
(13708)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued December 6, 1989—decision released January 16, 1990

*Dennis L. Kern,* for the appellant (plaintiff).

*Robert L. Klein,* assistant attorney general, with
whom, on the brief, was *Clarine Nardi Riddle,* attor-
ney general, for the appellee (defendant).

PER CURIAM. The Connecticut corporation business
tax, General Statutes § 12-217 (a), allows taxpayers a
deduction for "all items deductible under the federal
corporation net income tax law effective and in force
on the last day of the income year."[1] The issue in this

---

[1] General Statutes § 12-217 (a) provides in relevant part: "DEDUCTIONS
FROM GROSS INCOME. (a) In arriving at net income as defined in section
12-213, whether or not the taxpayer is taxable under the federal corpora-
tion net income tax, there shall be deducted from gross income, (A) all items
deductible under the federal corporation net income tax law effective and
in force on the last day of the income year . . . . "

case is whether the plaintiff, Circuits, Inc. (taxpayer), is entitled to this state tax deduction for wages as to which, in lieu of a federal tax deduction, it has elected to take a federal new jobs tax credit under § 44B of the Internal Revenue Code. 26 U.S.C. § 44B.[2] The defendant, Orest T. Dubno, commissioner of revenue services (commissioner), upon review of the plaintiff's Connecticut corporation business tax returns for the years 1977 and 1978, disallowed the taxpayer's deduction of such wages. In accordance with General Statutes § 12-237,[3] the taxpayer appealed to the trial court. After a hearing, the trial court found in favor of the commissioner and dismissed the taxpayer's appeal. We transferred the taxpayer's further appeal to this court, pursuant to Practice Book § 4023. We find no error.

The facts are stipulated. The taxpayer paid wages to a number of employees during the relevant tax periods. The commissioner disallowed a state tax deduction only with respect to the wages for which the plaintiff had claimed a federal new jobs tax credit. Neither the scope of the federal tax credit, nor its amount, was contested. Finally, there is no claim of any improper or excessive allocation of wages paid to the class of those eligible for the federal tax credit; all of the disallowed wages were wages for which the taxpayer in fact took a federal tax credit.

---

[2] Title 26 of the United States Code (1982), § 44B provides in relevant part:
"CREDIT FOR EMPLOYMENT OF CERTAIN NEW EMPLOYEES

"(a) GENERAL RULE

"At the election of the taxpayer, there shall be allowed as a credit against the tax imposed by this chapter the amount determined under subpart D of this part."

[3] General Statutes § 12-237 provides in relevant part: "Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under the provisions of this part may, within one month after service upon the taxpayer of notice of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain, which shall be accompanied by a citation to the commissioner of revenue services to appear before said court."

The sole issue stipulated for the trial court was "[w]hether the plaintiff, Circuits, Inc., is entitled to a deduction from gross income for wages paid to employees for the tax periods ending December 31, 1977 and December 31, 1978 under Section 12-217 of the Connecticut General Statutes when it has elected to take these wages as a credit under Section 44-B of the United States Internal Revenue Code." The trial court, relying on *Skaarup Shipping Corporation* v. *Commissioner,* 199 Conn. 346, 507 A.2d 988 (1986), ruled that no deduction was available.

On appeal, the taxpayer raises the same issue as was stipulated at trial in slightly different words. We agree with the trial court that our decision in *Skaarup* is dispositive. *Skaarup* concerned a taxpayer who had elected to take a federal tax credit for its foreign taxes, and hence was precluded by federal tax law from simultaneously taking a federal tax deduction. We concluded that such a taxpayer was also precluded from claiming a state tax deduction under § 12-217 (a). Id., 351–53.

The federal tax law treats, in essentially parallel fashion, the payment of foreign taxes eligible for a federal tax credit, which we discussed in *Skaarup,* and the payment of wages eligible for a new jobs tax credit, which are involved in this case. In both situations, under federal law, an election to take a federal tax credit precludes a taxpayer from claiming a federal tax deduction for the same item. Of specific relevance for present purposes is § 280C of the Internal Revenue Code; 26 U.S.C. § 280C; which provides that "[n]o deduction shall be allowed for that portion of the wages or salaries paid . . . for the taxable year which is equal to the amount of the credit allowable under [Section

44B]."[4] Accordingly, once a taxpayer has elected to avail itself of the applicable federal tax credit, neither the foreign taxes in *Skaarup* nor the wages at issue in this case continue to be "items deductible under the federal corporation net income tax" for purposes of § 12-217 (a).[5] The commissioner's tax assessment was therefore correct.

There is no error.

---

[4] Title 26 of the United States Code, § 280C privides in relevant part:
"CERTAIN EXPENSES FOR WHICH CREDITS ARE ALLOWABLE

"(a) RULE FOR SECTION TARGETED JOBS CREDIT

"No deduction shall be allowed for that portion of the wages or salaries paid or incurred for the taxable year which is equal to the amount of the credit determined for the taxable year under section 51 (a). In the case of a corporation which is a member of a controlled group of corporations (within the meaning of section 52 (a)) or a trade or business which is treated as being under common control with other trades or businesses (within the meaning of section 52 (b)), this subsection shall be applied under rules prescribed by the Secretary similar to the rules applicable under subsections (a) and (b) of section 52."

[5] As in *Skaarup Shipping Corporation* v. *Commissioner,* 199 Conn. 346, 353–54, 507 A.2d 988 (1986), we are unpersuaded that the reasoning of other courts interpreting different statutes significantly illuminates the issue before us. Notably, the two courts that have addressed the question have arrived at opposite results. Compare *Winterset, Inc.* v. *Commissioner,* 144 Vt. 230, 232, 475 A.2d 231 (1984), with *Sutin, Thayer & Browne* v. *Revenue Division,* 725 P.2d 833, 835–36 (N.M. App. 1984).