ARONSON, J.
 

 This action is an appeal from the denial by the commissioner of revenue services (commissioner) of the plaintiffs’ claim for a refund of taxes previously paid.
 

 The plaintiffs and the commissioner each move for summary judgment on the basis that there is no issue of material fact and that each is entitled to judgment as a matter of law. The sole issue raised by these cross motions is whether a taxpayer’s claim for refund of the Connecticut capital gains, dividends and interest income tax must be filed within three years from the due date of the original return or from the due date of the return as timely extended by the commissioner.
 

 
 *129
 
 The parties have stipulated to the following facts. Under General Statutes § 12-508
 
 [1]
 
 the plaintiffs were required to file the Connecticut capital gains, dividends and interest income tax return for the calendar year 1990. For the calendar year 1990, the due date for filing the tax return was April 15, 1991.
 

 Prior to April 15, 1991, the plaintiffs filed with the commissioner a “tentative return,” constituting a request for extension to August 15, 1991, of the time within which to file their final tax return for the calendar year 1990 under General Statutes § 12-517.1
 
 [2]
 
 The commissioner granted this request.
 

 Prior to August 15, 1991, the plaintiffs filed an additional request for an extension of time to October 15, 1991, to file their capital gains, dividends and interest income tax return for the 1990 calendar year. The commissioner also granted this additional extension of time. Prior to October 15, 1991, the plaintiffs filed with the commissioner a completed Connecticut capital gains, dividends and interest income tax return for the 1990 calendar year. This final return reported a total tax due of $130,732, with prior payments of the estimated tax in the amount of $160,440 and a refund due of $29,708.
 

 On October 12,1994, the plaintiffs filed with the commissioner a claim for refund of capital gains, dividends
 
 *130
 
 and interest income tax in the amount of $130,732 paid by them for the 1990 calendar year.
 

 The commissioner denied the plaintiffs’ claim for a refund based upon his determination that the three year statute of limitations, provided in General Statutes § 12-515
 
 [3]
 
 commenced to run from the initial due date of their return on April 15, 1991, rather than October 15, 1991, the extended date approved by the commissioner. Because the commissioner determined that the plaintiffs’ claim for a refund was untimely, he did not consider the merits of that claim.
 

 The commissioner’s position is that the plaintiffs’ tax was due and payable on April 15,1991, notwithstanding the fact that the commissioner extended the due date upon which their tax return was required to be filed. The commissioner claims that § 12-508 clearly required the 1990 calendar year tax return to be filed on April 15, 1991, and that § 12-515 limits the time within which the plaintiffs may claim a refund to three years from that date. The commissioner’s argument is based on a strict reading of these two statutes. The commissioner argues further that the three year period within which to file a claim for a refund is jurisdictional and, therefore, cannot be waived, citing
 
 Schumacher & Forelle
 
 v.
 
 Crystal,
 
 Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV93 0522937 (August 12, 1994) (12 Conn. L. Rptr. 267) and
 
 Jade Aircraft Sales, Inc.
 
 v.
 
 Crystal,
 
 Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0536994 (September 2, 1994) (12 Conn. L. Rptr. 363).
 

 
 *131
 
 The plaintiffs contend that the three year period provided for in § 12-515 allows a claim for refund to be made within three years of the filing of the extended return, not from April 15, 1991.
 

 The key to resolving the issue posed in the present case requires an examination of the scheme of federal taxation with respect to capital gains and dividend income.
 
 Woodruff v. Tax Commissioner,
 
 185 Conn. 186, 191, 440 A.2d 845 (1981). This is done because, as the Supreme Court has stated: “We have repeatedly recognized that our tax laws incorporate federal tax principles . . . .” (Citations omitted.)
 
 Skaarup Shipping Corp.
 
 v.
 
 Commissioner of Revenue Services,
 
 199 Conn. 346, 351, 507 A.2d 988 (1986).
 

 In
 
 Trevelyan
 
 v.
 
 United States,
 
 219 F. Sup. 716 (D. Conn. 1963), the court was faced with the issue of whether the statute of limitations began to run with the filing of the final return or with the filing of the tentative returns or the declaration of estimated taxes. In
 
 Trevelyan,
 
 the taxpayer was required to delay filing a final return on her federal income tax because of a delay in receiving sufficient information from income sources in Great Britain. The taxpayer received an extension of time to file the return. Once the taxpayer received the appropriate information from Great Britain, the taxpayer filed a final return on December 30, 1957, for taxes that were due from 1944 through 1953. On January 2, 1959, the taxpayer in
 
 Trevelyan
 
 filed a claim for a refund for the years 1944 through 1953. The district director denied the claim for refund on the ground that the statute of limitations had expired. The claim for refund was filed within three years of the filing of the final return but more than three years after the filing of the declaration of estimated tax. The court in
 
 Trevelyan
 
 interpreted § 322 (b) of the Internal Revenue Code to mean that the three year time period within which to file
 
 *132
 
 the “return” began with the filing of the final extended return, not the tentative return. Id., 719.
 

 The issue in the present case appeared on the state level in Bilco
 
 Co.
 
 v.
 
 Commissioner of Revenue Services,
 
 44 Conn. Sup. 90, 669 A.2d 647 (1995)
 
 (Blue, J.)
 
 In
 
 Bilco Co.,
 
 the parties were dealing with the filing of the corporate business tax return pursuant to General Statutes § 12-222 (b), which provides that the annual corporate business tax return was due on or before the first day of the fourth month next succeeding the end of the income year. Section 12-222 (c) permits the commissioner to grant a reasonable extension of time for filing a completed return. General Statutes § 12-225 allows a corporation to file an amended return within three years from the due date of the return if too much income or too few deductions are reported. The issue in
 
 Bilco Co.
 
 was whether the three year period contained in § 12-225 for filing for a refund ran from the original due date of the return or the extended due date. The court in
 
 Bilco Co.
 
 held that the due date means the extended due date. Id., 98-99. The court in
 
 Bilco Co.
 
 considered, inter alia, the impact of the federal tax code; 26 U.S.C. § 6511 (a); which allows a taxpayer to file a claim for credit or refund of an overpayment of any federal tax “ ‘within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later.’ ”
 
 Bilco Co.
 
 v.
 
 Commissioner of Revenue Services,
 
 supra, 99.
 

 The commissioner argues that
 
 Bilco Co.
 
 can be distinguished from the facts in the present case because the
 
 Bilco Co.
 
 decision was based on § 12-225, which allows a corporation to file an amended corporation business tax return “within three years from the due date of the return. . . .” The commissioner points out that, in the present case, § 12-515 stated that a claim for a refund must be made “within three years from the due date
 
 *133
 
 for which such overpayment was made.” The commissioner considers the proper interpretation of § 12-515 to mean that the claim for a refund must be made within three years from the due date of the tax payment itself, not the extended due date of the return. The court disagrees with the commissioner’s position that
 
 Bilco Co.
 
 can be distinguished from the present case.
 

 Under § 12-508, taxpayers are required to file a final tax return, which “shall truly and accurately set forth the amount received and the taxpayer’s liability under this chapter; and the full amount of the tax shall be due and payable to the commissioner on or before the date prescribed herein for the filing of the return.” Where taxpayers are not in a position to file a final return on or before April 15, § 12-517 gives the commissioner authority, based on reasonable cause, to extend the time for filing the final return
 
 and'paying the tax due
 
 under such rules and regulations as he shall prescribe. Section 12-517 provides further that “[a]ny additional tax which may be found to be due on the filing of a final return as allowed by such extension shall bear interest . . . from the original due date of such tax to the date of actual payment.”
 

 The problem with the commissioner’s reasoning is that payment is tied to the filing of a return. It is for this reason that tentative returns are required to be filed with an estimated tax payment. The exact determination of the amount of tax due or the overpayment of tax does not come into play until a complete and final tax return has been filed with the commissioner. The commissioner simply ignores the fact that § 12-517 permits him to extend the date for payment of the tax as well as the date of the filing of the final return.
 

 It should be the goal of the commissioner and this court to bring consistency to the interpretation of the tax statutes. See
 
 Petco Insulation Co.
 
 v.
 
 Crystal,
 
 231
 
 *134
 
 Conn. 315, 323, 649 A.2d 790 (1994);
 
 In re Valerie D.,
 
 223 Conn. 492, 524, 613 A.2d 748 (1992). Inconsistency would reign if it were held that a taxpayer is required to file a claim for a refund within three years from the date the original return is due under § 12-515, and three years from the date of the filing of the extended return under § 12-225, as the court held in
 
 Bilco Co.
 
 The commissioner points out in his brief that seven statutes, including § 12-515, contain the refund claim limitation language, but only General Statutes § 12-732
 
 [4]
 
 has an associated regulation. See Regs., Conn. State Agencies § 12-732 (a)-l (due date “means the original due date of the tax, even if . . . [an] extension of time for payment of the tax has been granted”). Judge Blue, in
 
 Bilco Co.
 
 v.
 
 Commissioner of Revenue Services,
 
 supra, 40 Conn. Sup. 100, found that “§ 12-213-1 (a) of the Regulations of Connecticut State Agencies, which provides that ‘[d]ue date’ does not'mean ‘extended due date’ is consistent with both the plain meaning of § 12-225 and the underlying structure of the state tax code.” This court agrees.
 

 The court concludes that the three year period within which to file a claim for a refund pursuant to § 12-515 runs from the extended due date when the final return is required to be filed and the tax paid. Accordingly, the plaintiffs’ appeal is sustained, and the case is remanded to the commissioner for a determination of the merits of the plaintiffs’ claim for a refund.
 

 [1]
 

 General Statutes § 12-508 provides in relevant part: “Tax return. On or before April fifteenth following the close of each calendar year . . . each person who earns . . . any dividends, interest income or gains . . . shall duly execute and file a tax return . . . and the full amount of the tax shall be due and payable to the commissioner on or before the date prescribed herein for the filing of the return.”
 

 [2]
 

 General Statutes § 12-517 provides: “Extension of time for filing return and paying tax. The commissioner may for reasonable cause extend the time for the fiing of any return due under this chapter and the payment of tax due thereon under such rules and regulations as he shall prescribe. Said commissioner may require the filing of a tentative return and the payment of an estimated tax. Any additional tax which may be found to be due on the filing of a final return as allowed by such extension shall bear interest
 
 *130
 
 at the rate of one and one-fourth per cent per month or fraction thereof from the original due date of such tax to the date of actual payment.”
 

 [3]
 

 General Statutes § 12-515 provides in relevant part: “Refund claims. Any taxpayer who feels that he has overpaid any taxes due under this chapter may file a claim for refund in writing with the commissioner within three years from the due date for which such overpayment was made stating the specific grounds upon which the claim is founded. . . .”
 

 [4]
 

 General Statutes § 12-732 refers to filing a claim for a refund of the payment of any income tax.