[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Facts:
This action is an appeal from the denial by the commissioner of revenue services (commissioner) of the plaintiffs' claim for a refund of taxes previously paid.
The plaintiffs and the commissioner each move for summary judgment on the basis that there is no issue of material fact and that each is entitled to judgment as a matter of law. The sole issue raised by these cross motions is whether a taxpayer's claim for refund of the Connecticut capital gains, dividends and interest income tax must be filed within three years from the due date of the original return or from the due date of the return as timely extended by the commissioner.
The parties have stipulated to the following facts. Pursuant to General Statutes § 12-508[1] , the plaintiffs were required to file the Connecticut capital gains, dividends, and interest income tax return for the calendar year 1990. For the calendar year 1990, the due date for filing the tax return was April 15, 1991.
Prior to April 15, 1991, the plaintiffs filed with the commissioner a "tentative return," constituting a request for extension to August 15, 1991, of the time within which to file their final tax return for the calendar year 1990 pursuant to General Statutes § 12-517.[2] The commissioner granted this request.
Prior to August 15, 1991, the plaintiffs filed an additional CT Page 12462 request for an extension of time to file their capital gains, dividends, and interest income tax return for the calendar year 1990 to October 15, 1991. The commissioner also granted this additional extension of time. Prior to October 15, 1991, the plaintiffs filed with the commissioner a completed Connecticut capital gains, dividends and interest income tax return for the calendar year 1990. This final return reported a total tax due of $130,732, with prior payments of the estimated tax in the amount of $160,440 and a refund due of $29,708.
On October 12, 1994, the plaintiffs filed with the commissioner a claim for refund of capital gains, dividends and interest income tax in the amount of $130,732 paid by them for the calendar year.
The commissioner denied the plaintiffs' claim for refund based upon his determination that the three year statute of limitations, provided in General Statutes § 12-515[3] , commenced to run from the initial due date of their return on April 15, 1991, rather than October 15, 1991, the extended date approved by the commissioner. Because the commissioner determined that the plaintiffs' claim for a refund was untimely, he did not consider the merits of the plaintiffs' refund claim.
The commissioner's position is that the plaintiffs' tax was due and payable on April 15, 1991, notwithstanding the fact that the commissioner extended the due date upon which their tax return was required to be filed. The commissioner claims that § 12-508 clearly required the 1990 calendar year tax return to be filed on April 15, 1991, and that § 12-515 limits the time within which the plaintiffs may claim a refund to three years from that date. The commissioner's argument is based upon a strict reading of these two statutes. The commissioner further argues that the three year period within which to file a claim for a refund is jurisdictional and therefore cannot be waived, citing Schumacher and Forelle v. Crystal, Superior Court,Tax Session, DN CV93 0522937 (12 Conn. L. Rptr. 267, August 12, 1994) and Jade Aircraft Sales, Inc. v. Crystal, Superior Court, Tax Session, DN CV94 0536994 (12 Conn. L. Rptr. 363, September 2, 1994.)
The plaintiffs contend that the three year period provided for in § 12-515 allows a claim for refund to be made within three years of the filing of the extended return, not from April 15, 1991.
The key to resolving the issue posed in this case requires us to look at the scheme of federal taxation with respect to capital gains and dividend income. Woodruff v. Tax Commissioner,185 Conn. 186, 191, 440 A.2d 845 (1981). We do so because, "[w]e have repeatedly recognized that our tax laws incorporate federal tax principles." Skaarup Shipping Corp. v. Commissioner,
CT Page 12463199 Conn. 346, 351, 507 A.2d 988 (1986).
In Trevelyan v. United States, 219 F. Sup. 716 (D.Conn. 1963), the Court was faced with the issue of whether the statute of limitations began to run with the filing of the final return or with the filing of the tentative returns or the declaration of estimated taxes. In the Trevelyan case, the taxpayer was required to delay filing a final return on her federal income tax because of a delay in receiving sufficient information from income sources in Great Britain. The taxpayer received an extension of time to file the return. Once the taxpayer received the appropriate information from Great Britain, the taxpayer filed a final return on December 30, 1957, for taxes that were due from 1944 through 1953. On January 2, 1959, the taxpayer in the Trevelyan case filed a claim for a refund for the years 1944 through 1953. The district director denied the claim for refund claiming that the statute of limitations had expired. The claim for refund was filed within three years of the filing of the final return but more than three years after the filing of the declaration of estimated tax. The court in Trevelyan interpreted § 322(b) of the Internal Revenue Code to mean that the three year time period within which to file the "return" began with the filing of the final extended return, not the tentative return. Id., 719.
The issue in this case appeared on the state level in Bilco Co. v.Commissioner of Revenue Services, Superior Court, Tax Session, DN. CV92 0518807 (14 Conn. L. Rptr. 15, March 30, 1995) (Blue, J.). In the Bilco case, the parties were dealing with the filing of the corporate business tax return pursuant to General Statutes § 12-222(b), which provides that the annual corporate business tax return was due on or before the first day of the fourth month next succeeding the end of the income year. General Statutes § 12-222(c) permits the commissioner to grant a reasonable extension of time for filing a completed return.
General Statutes § 12-225 allows a corporation to file an amended return within three years from the due date of the return if too much income or too few deductions are reported. The issue in Bilco was whether the three year period contained in § 12-225
for filing for a refund ran from the original due date of the return or the extended due date. The court in Bilco held that the due date means the extended due date. Id., 4. The court in Bilco considered, inter alia, the impact of the federal tax code, 26 U.S.C. § 6511(a), which allows a taxpayer to file a claim for credit or refund of an overpayment of any federal tax "within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later." Bilco, supra 12.
The commissioner argues that Bilco can be distinguished from the facts in this case because the Bilco decision was based on § 12-225, which allows a corporation to file an amended corporation business tax return "within three years from the due date of the return." The commissioner points out that in the present case § 12-515 states that a claim for a refund must be made "within three years from the due date for which such overpayment was made." The commissioner considers the proper interpretation of § 12-515 to mean that the claim for a refund must be made within three years from the due date of the tax payment itself, not the extended due date of the return. We disagree with the commissioner's position that Bilco can be distinguished from this case.
Pursuant to § 12-508, taxpayers are required to file a final tax return, which "shall truly and accurately set forth the amount CT Page 12464 received and the taxpayer's liability under this chapter; and the full amount of the tax shall be due and payable to the Commissioner on or before the date prescribed herein for the filing of the return." Where taxpayers are not in a position to file a final return on or before April 15th, § 12-517 gives the commissioner authority, based upon reasonable cause, to extend the time for and payingthe tax due under such rules and regulations as he shall prescribe. Section 12-517 further provides "any additional tax which may be found to be due on the filing of a final return as allowed by such extension shall bear interest . . . from the original due date of such tax to the date of actual payment."
The problem with the commissioner's reasoning is that payment is tied to the filing of a return. It is for this reason that tentative returns are required to be filed with an estimated tax payment. The exact determination of the amount of tax due or the overpayment of tax does not come into play until a complete and final tax return has been filed with the commissioner. The commissioner simply ignores the fact that § 12-517 permits him to extend the date for payment of the tax as well as the date of the filing of the final return.
It should be the goal of the commissioner and this court to bring consistency to the interpretation of the tax statutes. SeePetco Insulation Co. v. Crystal, 231 Conn. 315, 315, 323649 A.2d 790, (1994), citing In re Valerie D., 223 Conn. 492,524, 613 A.2d 748 (1992). Inconsistency would reign if we held that a taxpayer is required to file a claim for a refund within three years from the date the original return is due under § 12-515, and three years from the date of the filing of the extended return pursuant to § 12-225, as the Court held in Bilco. The commissioner points out in his brief that seven statutes, including 12-515, contain the refund claim limitation language, but only § 12-732[4]
has an associated regulation. See Regs., Conn. State Agencies § 12-732(a)-1 (due date "means the original due date of the tax, even if . . . [an] extension of time for payment of the tax has been granted"). Judge Blue, in Bilco, found § 12-213-1(a) ("`Due date' does not mean an extended due date") inconsistent with the meaning of § 12-225
and "the underlying structure of the state tax code." Id., 13. We agree.
We conclude that the three year period within which to file a claim for a refund pursuant to § 12-515 runs from the extended due date when the final return is required to be filed and the tax paid. Accordingly, the plaintiff's appeal is sustained, and this case is remanded to the commissioner for a determination of the merits of the plaintiffs' claim for a refund.