The plaintiff, Cunningham Group, Inc., appeals a determination by the defendant commissioner of revenue services (commissioner) disallowing a net operating carryover loss on the plaintiff's state corporation business tax returns for 1988, 1989 and 1990. General Statutes §12-213, et seq. The court finds for the plaintiff.
The parties submitted a written stipulation of facts and accompanying documents. Those facts pertinent to this appeal are as follows. On March 31, 1988, Cunningham Information Systems, Inc. (Cunningham Information) merged into Cunningham Reporting Associates, Inc. (Cunningham Reporting). Cunningham Reporting was the surviving corporation which, following the merger, changed its name to The Cunningham Group, Inc. (Cunningham Group). At the time of the merger, Cunningham Information had accumulated a net operating loss. Following the merger, Cunningham Group deducted portions of this net operating loss on its federal and state tax returns for 1988, 1989 and 1990. On July 1, 1992, the commissioner assessed additional taxes of $10,606 for 1988, $170 for 1989 and $26,522 for 1990, for a total of $37,298. Interest was also assessed on that date in the amount of $16,087.76 for a total assessment of $53,385.76. Interest continues to accrue because the plaintiff has not paid the deficiency assessment.
On August 27, 1992, Cunningham Group appealed the deficiency assessment and petitioned the commissioner *Page 204 
for a hearing, correction of the amount of the tax and abatement of the deficiency assessment.
On May 24, 1993, the commissioner issued a determination upholding the deficiency assessment and recalculating the deficiency assessment to $59,602.21 to include additional interest through May 31, 1993. That determination upheld the deficiency solely upon the commissioner's contention that General Statutes § 12-217 "does not authorize the surviving corporation to deduct an operating loss carry over of a merged or consolidated corporation." This appeal followed on June 23, 1993.
The court also heard testimony from Margherita Cunningham, who is the president, chief executive officer, chief operating officer and director of Cunningham Group. The following facts based on her testimony are found by the court. In 1980, she incorporated Cunningham Reporting which provided court reporting, verbatim recording, transcription services and document management services. In 1985, she formed Cunningham Information, which provided information management services.
From 1985 to 1988, 111 Gillett Street in Hartford housed both Cunningham Reporting and Cunningham Information. Margherita Cunningham was the chief executive and operating officer, president, treasurer, director and sole shareholder of both corporations. The purpose behind the formation of Cunningham Information was to separate the nonpartisan service of court reporting from the partisan function of litigation support through document management.[1] The activities of each corporation continued unchanged under the post merger entity; there was no change in the method of *Page 205 
doing business, the clientele or the employees. Margherita Cunningham continued as the sole shareholder, director, president and treasurer of Cunningham Reporters (later Cunningham Group).
The parties stipulated to the following additional facts. Prior to the merger, Cunningham Information accumulated loss carryovers totaling $304,815. After the merger, the plaintiff Cunningham Group generated net income in 1988, 1989 and 1990 against which the loss carryovers were deducted. After the merger, the plaintiff did not account for revenue and expense by division so that it is unable to demonstrate that the Cunningham Information division generated profits during the useful life of the loss carryovers.
The issue before the court is the deductibility of a net operating loss carryover attributable to a corporation that no longer exists because it has merged into another corporation. Judges Blue and Aronson wrote comprehensive and instructive decisions on this issue in ThermatoolCorp. v. Dept. of Revenue Services, 43 Conn. Sup. 260, 651 A.2d 763
(1994), and Grade A Market, Inc. v. Commissioner of Revenue Services,44 Conn. Sup. 377, 688 A.2d 1364 (1996), respectively. This court is persuaded by the reasoning that underlies those decisions. Accordingly, it will apply the continuity of business test to determine if § 12-217
allows the plaintiff to deduct the premerger operating loss carryover.
Section 12-217 allows a net operating loss of a particular "income year" to be "deductible as an operating loss carry-over in each of the five income years following such loss year." In construing such tax related provisions, our Supreme Court has instructed that: "`[W]e have uniformly adhered to the view that deductions from otherwise taxable income are a matter of legislative grace and hence are strictly construed against the *Page 206 
taxpayer.' Skaarup Shipping Corporation v. Commissioner, [199 Conn. 346], 352 [, 507 A.2d 988 (1986)]; see Harper v. Tax Commissioner, 199 Conn. 133,142, 506 A.2d 93 (1986); The B. F. Goodrich Co. v. Dubno, [196 Conn. 1], 8-9 [, 490 A.2d 991 (1985)]. In order to prevail in light of this rule of construction, the plaintiff must establish that § 12-217 clearly and unambiguously authorizes a surviving corporation to claim a deduction for the operating losses that had been incurred by an acquired corporation prior to the consolidation." Golf Digest/Tennis, Inc. v. Dubno,203 Conn. 455, 464-65, 525 A.2d 106 (1987). Pursuant to the continuity of business test, the deductions taken under § 12-217 are allowed if the plaintiff can show that the losses of the premerged corporation are from the same business as the postmerged corporation still in business. "The reason for this ruling is to prevent trafficking in losses wherein a corporation with a loss merges with a profit able corporation solely to take advantage of the loss." Grade A Market, Inc. v. Commissioner ofRevenue Services, supra, 44 Conn. Sup. 386.
In applying the continuity of business test, the court considers four elements: "(1) has the surviving corporation retained the same corporate identity of the premerged corporation, (2) has the business enterprise which produced the loss been continued in the surviving corporation . . . (3) has there been any substantial change in the ownership of the surviving corporation . . . [and (4) has] the income producing business of the surviving corporation [been] altered, enlarged or materially affected by the merger." Id., 387-88.
As in Grade A Market, Cunningham Information continued its identity in the postmerged entity of Cunningham Group, satisfying the first element. The business of Cunningham Information continued in the Cunningham Group, satisfying the second element. As to the third element, the plaintiff's sole shareholder, *Page 207 
director, president and treasurer held those positions in all the corporations throughout the history of these corporations. This third element is satisfied as Margherita Cunningham retains ownership in the surviving corporation.
The evidence before the court also shows that the fourth element has been met. After the merger the activities of the corporation continued unchanged. In a situation somewhat analogous to that in Thermatool Corp.v. Dept. of Revenue Services, supra, 43 Conn. Sup. 264, the business of Cunningham Group continued to be the same as existed prior to the merger and in fact prior to the formation of Cunningham Information.
This case also shares characteristics with Grade A Market. In fact, the court's concluding discussion in that case applies here. "It is clear that there was a continuity of business enterprise in the present case. The taxpayer that produced the income was the same taxpayer that incurred the loss. As in Thermatool, `[i]ts employees did not change, apart from normal turnover. Its clientele did not change, and its business did not change. Employees and customers dealing with the business would not have noticed the difference. . . . In addition, the ultimate owner of the business. . . . remained constant.' Thermatool Corp. v. Dept. of RevenueServices, supra, 43 Conn. Sup. 263. The present case is to be distinguished from Golf Digest/Tennis, Inc. v. Dubno, supra, 203 Conn. 455, solely on the facts in each case. Golf Digest was a case where two separate and distinct Illinois corporations, Golf Digest, Inc. and Tennis Features, Inc., were consolidated into a Delaware corporation, Golf Digest/Tennis, Inc. The Grade A Markets did not operate functionally as separate corporations." Grade A Market, Inc. v. Commissioner of RevenueServices, supra, 44 Conn. Sup. 388-89. Cunningham Information, Cunningham Reporting and eventually Cunningham Group were the *Page 208 
same family business, wholly owned by Margherita Cunningham, housed in the same building with activities that continued unchanged from before the incorporation and before the merger to after the merger.
The court concludes that the plaintiff has shown that it is the taxpayer that incurred the loss for purposes of § 12-217. Accordingly, it properly deducted the premerger operating loss carryover of Cunningham Information pursuant to § 12-217.
 The appeal is sustained. Judgment shall enter for the plaintiff.